**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No.: 3:12-cr-211-MMH-MCR

DOMINGO CASTRO

## ORDER

Defendant Domingo Castro has filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 50; Motion) and a memorandum in support of the Motion (Doc. 54; Memorandum). The government responded by filing memoranda opposing the relief Castro seeks (Doc. 53; Response, Doc. 56; Supplemental Response), [1] and Castro filed a brief in reply (Doc. 59; Reply).[2] As such the Motion is ripe for the Court's consideration.

---

[1] For reasons not explained, the government filed two responses to Castro's Motion. Although largely the same, the Court considers the two documents together as the government's complete response.

[2] Castro filed the unauthorized Reply without seeking leave of Court. Nevertheless, the Court will accept and consider the arguments he presents there. In the Reply, Castro argues that the government did not timely respond to his Motion. However, the government filed the Response on February 6, 2023, the date on which the court ordered it to do so. Additionally, on April 6, 2023, the Court granted the government an Extension of Time to file the Supplemental Response and deemed it timely filed. (Doc. 57; Endorsed Order). As such Castro's contention that the government failed to submit a timely response to his Motion is unavailing.

Castro is a 71-year-old inmate incarcerated at Coleman Medium FCI, serving a 180-month term of imprisonment for bank robbery, in violation of Title 18 U.S.C. §§ 2113(a) and 2. (Doc. 32; Judgment). According to the Bureau of Prisons (BOP), Castro is scheduled to be released from prison on July 9, 2025. In the Motion and Memorandum, Castro seeks a compassionate release because of his age, the substantial amount of his sentence already served, and the threat posed by the COVID-19 virus. See Motion at 2, 3; Reply at 3. The United States opposes the Motion arguing that Castro failed to establish "extraordinary and compelling reasons" for a sentence reduction, that he poses a danger of reoffending, and that the sentencing factors under 18 U.S.C. § 3553(a) weigh against reducing his sentence. See Response at 1. In support of the contention that Castro has not shown "extraordinary and compelling" reasons warranting his release, the government has submitted medical records from the BOP. (Doc 53-5; Medical History).

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

§ 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons as a (A) terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances or (D) other reasons"). For a defendant to invoke his age as the extraordinary and compelling reason for release, the defendant must (i) be at least 65 years old (ii) be experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) have served at least ten years or 75 percent of his term of imprisonment, whichever is less. Id.

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy

3

statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)).[3] "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

Here, the record shows that Castro exhausted all BOP administrative remedies prior to seeking a compassionate release in federal court. See Response at 7. Nevertheless, the Motion is due to be denied because Castro has not established "extraordinary and compelling" reasons warranting compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1.

Castro seeks to invoke the second circumstance under § 1B1.13, old age, to establish an extraordinary and compelling reason for his compassionate release. See Reply at 3. Castro satisfies the requirements that he (i) be at least

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

65 years old and (iii) have served at least ten years or 75 percent of his term of imprisonment.[4] However, Castro presents no evidence that he has experienced a serious deterioration in his physical or mental health due to his age. Although Castro alleges that he has various medical conditions, he does not specifically identify any condition as causing a serious deterioration in his health. See Motion at 3. Moreover, Castro's medical records do not reflect that he suffers from any significant health conditions. See generally Medical History. Indeed, as of September 2022, the medical records show that Castro's health conditions are being monitored or managed by medication and that he is "stable on current medication therapy." See Medical History at 3. Records from March of 2022, similarly show that Castro takes oxcarbazepine for nerve pain and osteoarthrosis, mirtazapine for an unspecified mood disorder, and various prescription creams for dermatitis/eczema without any indication of a deteriorating condition. See id. at 9, 20-21. Nothing in his Medical History or the record suggests that Castro's conditions individually or combined "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Castro also relies on the risks presented by the COVID-19 pandemic to support his motion for compassionate release. See Motion at 2. However, COVID-19 cannot independently justify compassionate release, "especially

---

[4] Castro is 71 years old and has served more than 75% of his sentence. See Reply at 2.

5

considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[5] Notably, Castro has been vaccinated against COVID-19. See Medical History at 53. Castro received his original Pfizer vaccinations in May 2021, and has since received two booster vaccinations in January and June of 2022. See id. at 35. Vaccination against COVID-19 further supports a finding that extraordinary and compelling circumstances do not exist. See United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) ("Prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release."); see also United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.").

In any event, Castro is not eligible for compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not support his early release. As reflected by the Presentence Investigation Report (Doc. 53-6; PSR), Castro has a lengthy criminal history including many serious and violent offenses. Castro contends that his age (71) and his record of good behavior in prison suggest he presents a low risk of reoffending. See Motion at 3. But given that

---

[5] The Court does not rely on decisions of other circuits as binding precedent, but cites them in this Order only for their persuasive value. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) ("[W]e consider decisions from other circuits as persuasive authority"); see also Generali v. D'Amico, 766 F.2d 485, 489 (11th Cir. 1985).

Castro's current offense was committed when he was 60 years old and that he has a pattern of committing violent offenses, including while on probation or supervised release, the Court is not persuaded that these considerations justify shortening his sentence. In view of all the § 3553(a) factors, reducing Castro's prison sentence is not warranted at this time.

The Court notes that Castro contends that Concepcion v. United States, 142 S. Ct. 2389 (2022), overrules the precedent from Bryant that limits the definition of "extraordinary and compelling" circumstances. See Motion at 2. Castro is mistaken. In Concepcion, the Supreme Court determined that when adjudicating a motion under § 404 of the First Step Act a court may consider intervening changes of law or changes of fact. Concepcion, 142 S. Ct. at 2396. In doing so, "the Supreme Court expressly distinguished First Step Act resentencing and compassionate release, recognizing that in the latter context 'Congress has … imposed express statutory limitations' that confine the exercise of judicial discretion." United States v. Peoples, 41 F.4th 837, 842 (7th Cir. 2022); see also United States v. Beckford, No. 22-10638, 2022 WL 4372553 at *3 (11th Cir. Sept. 22, 2022) (concluding that Concepcion could not abrogate Bryant because the Court's decision noted that Congress limited the discretion of district courts under § 3582(c)); United States v. Hamilton, No. 22-11598, 2022 WL 16845149 at *3 (11th Cir. Nov. 10, 2022). Because "[t]he First Step Act did not create or modify the 'extraordinary and compelling reasons' threshold to eligibility… Concepcion is irrelevant to the threshold question whether any

7

given prisoner has established an 'extraordinary and compelling' reason for release." <u>United States v. King</u>, 40 F.4th 594, 596 (7th Cir. 2022), <u>cert. denied</u>, No. 22-5878, 143 S. Ct. 1784 (U.S. Apr. 24, 2023).

For all the foregoing reasons, Defendant Domingo Castro's Motion titled "Motion seeking Compassionate Release/RIS pursuant to Title 18 U.S.C. § 3582(c)(1)(a) of the First Step Act, in light of <u>Concepcion v. United States</u>, S.ct. -2022 WL 2295029 (2022)" (Doc. 50) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of July, 2023.

*[signature]*

**MARCIA MORALES HOWARD**
United States District Judge

i57
Copies:
Domingo Castro, #00739-027
Counsel of Record